PER CURIAM.
Prior Report: La.App., 651 So.2d 995.
Writ granted. Plaintiff injured his head and back in the course and scope of his employment when he fell off of a truck owned by his employer on December 17, 1984. The pain and disability caused by the number of surgeries his injuries required led to psychiatric and psychological treatment. On October 23, 1991, the plaintiff sought authorization for further psychiatric treatment, which defendants denied. Plaintiff was ultimately diagnosed with major depression with suicidal ideation and his treating psychiatrist advised hospitalization. Plaintiff was admitted to a psychiatric hospital on April 12, 1992 and was released May 3, 1992.
In deciding plaintiffs claim for compensation benefits, the hearing officer awarded only partial payment of his inpatient psychiatric care. The hearing officer found inpatient treatment was not a medical necessity after the medical records ceased mentioning the claimant’s suicidal tendencies. The court of appeal affirmed, finding no manifest error. This partial award was an abuse of discretion.
The medical testimony in this case was uncontradieted that the plaintiffs complete hospitalization was reasonable and necessary. All of the doctors, including the defendant’s psychiatrist, agreed that the claimant’s problems were directly or indirectly related to the accident. Even though claimant’s suicidal ideations ceased after the first few days of hospital treatment, he was not considered a candidate for discharge. Under the law applicable at the time of the 1984 injury, the employer was required to furnish all necessary care. LSA-R.S. 23:1203(A). Similarly, no prior authorization was necessary to seek non-emergency treatment. LSA-R.S. 23:1142. The judgment of the Hearing Officer and its affirmance by the court of appeal are reversed. The plaintiff is entitled to all expenses for his hospitalization.
MARCUS, J. not on panel.
KIMBALL and VICTORY, JJ„ would grant and docket.